# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

ANTHONY JEROME FITZGERALD
ADC #106273                                                              PETITIONER

VS.                          5:11CV00262 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                        RESPONDENT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge J. Leon Holmes. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Room A149
> Little Rock, AR 72201

## I. Background

Pending before the Court is a § 2254 Petition for a Writ of Habeas Corpus filed by Petitioner, Anthony Jerome Fitzgerald. Before addressing the merits of the Petition, the Court will review the procedural history of this case in state court.

On September 21, 2006, a Jefferson County jury convicted Petitioner of first-degree murder. (Docket entry #7-1). He was sentenced to 729 months in the Arkansas Department of Correction. *Id.*

Petitioner appealed to the Arkansas Court of Appeals, which affirmed on September 19, 2007. *Fitzgerald v. State*, 2007 WL 2713585 (Ark. Ct. App. Sep. 19, 2007) (unpublished). Thereafter, Petitioner did not pursue postconviction relief in state court.[1]

On October 4, 2011, Petitioner initiated this § 2254 habeas action. (Docket entry #1). He argues that: (1) his lawyer was constitutionally ineffective for "exclud[ing] evidence of 911 tape recordings that would have exonerated Petitioner;" (2) the prosecution violated his due process rights by relying on perjured testimony; and (3) the prosecution "allow[ed] the false testimony to go uncorrected" in violation of his due process rights. (Docket entry #2 at 3).

Respondent argues that: (1) the Petition should be dismissed as untimely; (2) Petitioner's claims are procedurally defaulted; and (3) those claims also fail on the merits. (Docket entry #7).

---

[1] Petitioner makes the unsupported assertion that, on September 18, 2007, he filed a *pro se* Rule 37 Petition in Jefferson County Circuit Court. (Docket entry #2 at 3). He further states that he was never informed of its disposition and therefore "never perfected an appeal." *Id.* Respondent contacted the Jefferson County Clerk's Office, which had no record of the filing of any postconviction petition. (Docket entry #7 at 2). The Jefferson County Clerk also orally informed the Court's staff that Petitioner had not filed any postconviction motions.

For the reasons discussed below, the Court concludes that Petitioner did not initiate this habeas action within the applicable statute of limitations. Accordingly, the Court recommends that the Petition be dismissed, with prejudice.

## II. Discussion

The Antiterrorism and Effective Death Penalty Act ("AEDPA") requires a § 2254 habeas petition to be filed within one year of the date on which the state judgment "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On September 19, 2007, the Arkansas Court of Appeals affirmed Petitioner's conviction. Thus, "direct review" in this case was concluded on Monday, October 8, 2007, when the time expired for Petitioner to appeal the Arkansas Court of Appeals' decision to the Arkansas Supreme Court. *See King v. Hobbs*, 666 F.3d 1132 (8th Cir. 2011).

The next day, on October 9, 2007, the one-year statute of limitations governing § 2254 habeas actions began to run, and it expired on October 9, 2008. Petitioner initiated this action on September 30, 2011,[2] almost three years after the expiration of the limitations period.

---

[2] This is the date Petitioner placed his § 2254 Petition in the ADC prison mail system. *See Grady v. United States*, 269 F.3d 913 (8th Cir. 2001) (applying the prison mailbox rule to habeas actions).

While 28 U.S.C. § 2244(d)(2) provides for statutory tolling during collateral review in state court, that provision of the statute is not applicable in this case because Petitioner failed to file any postconviction motions in state court.

In some habeas cases, equitable tolling may allow a habeas petitioner to halt the running of the one-year limitations period in § 2244(d). However, to properly invoke equitable tolling, a habeas petitioner must show that: (1) he has been pursuing his rights diligently; and (2) some *extraordinary circumstance* stood in his way and prevented timely filing. *See Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010)

Petitioner contends that he is entitled to equitable tolling because his trial lawyer "purposefully withheld" the trial transcript from him. (Docket entry #8 at 14). To support this assertion, Petitioner has submitted only a June 3, 2009 transmittal letter from his trial counsel enclosing a "copy of your file." (Docket entry #8 at 22). Even if the Court accepts as true Petitioner's assertion that his trial counsel intentionally delayed providing him with a copy of his trial transcript, until June of 2009, that in no way excuses Petitioner then waiting more than two years after receiving that letter to initiate this § 2254 action. Thus, Petitioner has neither "pursued his rights diligently," nor come forward with anything even approximating the kind of "extraordinary circumstance" necessary to support equitable tolling. *See Holland*, 130 S. Ct. at 2562-2563.

Petitioner also argues that he is entitled to equitable tolling because he is "actually innocent." He contends that he could establish his innocence if he could obtain 911 tape recordings that would impeach the credibility of witnesses who allegedly perjured themselves at trial.

The Eighth Circuit has repeatedly held that an actual innocence claim is only viable if "a petitioner [can] . . . show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." *Flanders v. Grave*, 299 F.3d 974 (8th Cir. 2002). A petitioner claiming actual innocence must also "come forward not only with new reliable evidence which was not presented at trial, but . . . come forward with new reliable evidence which was not available at trial through the exercise of due diligence." *Kidd v. Norman*, 651 F.3d 947, 953 (8th Cir. 2011).

Petitioner's claim of actual innocence is premised on 911 calls that were *explicitly discussed* by counsel *at trial*.³ Those 911 calls clearly do *not* constitute

---

³Prior to trial, Petitioner's attorney moved to *exclude* the 911 recording from evidence because of its late disclosure. The prosecutor agreed not to introduce the recording: "We're not going to introduce the 911 tape . . . after getting it, nobody yells that Anthony Fitzgerald was [the] shooter on the 911 tape." (Docket entry #7-2 at 6-7).
During the trial, witness Lashunda Carver testified that she gave the 911 dispatcher Petitioner's "full name." Defense counsel, on cross-examination, got Carver to admit that Petitioner's name "is not mentioned on any of the [911] transcripts," and that "the prosecutors even told you that [the 911] call doesn't exist." (Docket entry #7-2 at 56-59).

"new reliable evidence" establishing Petitioner's innocence. Similarly, the trial transcript makes it clear that there was no state action which prevented Petitioner from discovering the relevant facts surrounding those 911 calls in time for him to file a habeas petition within the limitations period.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT that the Petition for a Writ of Habeas Corpus (docket entry #2) be DISMISSED, WITH PREJUDICE. IT IS FURTHER RECOMMENDED THAT a Certificate of Appealability be DENIED pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

Dated this 14th day of February, 2013.

_____
UNITED STATES MAGISTRATE JUDGE