**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

ANTHONY JEROME FITZGERALD                                                                               PETITIONER
ADC #106273

v.                                            No. 5:11CV00262 JLH/JTR

RAY HOBBS, Director,
Arkansas Department of Correction                                                                        RESPONDENT

**OPINION AND ORDER**

United States Magistrate Judge J. Thomas Ray has recommended that Anthony Jerome Fitzgerald's 28 U.S.C. § 2254 petition for a writ of habeas corpus be dismissed with prejudice and that no certificate of appealability should issue. The Court has reviewed Judge Ray's proposed findings and recommended disposition, as well as the timely objections filed by Fitzgerald. Upon *de novo* review of the record, the recommended disposition is adopted as the decision of this Court. The Court writes separately to address *McQuiggin v. Perkins*, --- U.S. ----, 133 S. Ct. 1924 (2013), which was decided three months after Judge Ray issued his proposed findings and recommended disposition.

In *McQuiggin*, the Supreme Court resolved a circuit split by holding that a habeas petitioner can overcome the expiration of the Antiterrorism and Effective Death Penalty Act (AEDPA) statute of limitations by making a convincing showing of actual innocence. *See McQuiggin*, 133 S. Ct. at 1928 (referencing 28 U.S.C. § 2244(d)(1)). *McQuiggin* does not mandate an outcome different from Judge Ray's recommendation. *McQuiggin* held that petitioners attempting to show actual innocence are required to produce new evidence sufficient to persuade the district court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." 133 S. Ct. at 1928 (quoting *Schlup v. Delo*, 513 U.S. 298, 329, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)). As Judge

Ray noted, Fitzgerald's claims of actual innocence are entirely premised on evidence—911 recordings—that is not new but was discussed at trial. *See* Document #7-2, at 6-7 (Pre-trial: "[Petitioner's attorney]: Due to the lateness of the delivery of the 911 tape, I would like that it be excluded from being produced at trial. [Prosecuting attorney]: We're not going to introduce the 911 tape, your Honor . . . ."); *id.* at 58-59 (Trial: "[Attorney]: So when you talked [through] this with the prosecutors and they talked to you about it, did they also tell you that Anthony Fitzgerald's name is not mentioned on any of the [911 call] transcripts[?] [Witness]: They said they only have two 911 calls . . . ."). *McQuiggin* held that unjustifiable delay on a habeas petitioner's part, while not to be viewed as "an absolute barrier to relief," should still be considered as a "factor in determining whether actual innocence has been reliably shown." *Id.* Fitzgerald has failed to show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence. In reaching this conclusion, the Court has followed *McQuiggin* in considering Fitzgerald's delay in filing his petition as a factor in determining whether actual innocence has been reliably shown rather than as an absolute barrier to relief.

Two other comments are necessary. First, in his statement of necessity to the Court, Fitzgerald requests an evidentiary hearing to introduce "new reliable evidence" in the form of the aforementioned 911 tape recordings. As discussed above, these recordings are not new but were present and discussed at Fitzgerald's trial. No hearing is therefore necessary, a conclusion already correctly reached by Judge Ray. *See* Document #15 (denying motions for discovery and evidentiary hearing). Second, in Footnote 1 of his proposed findings and recommended disposition, Judge Ray notes that Fitzgerald asserts in his habeas petition that he filed for post-conviction relief in state

court. Fitzgerald now admits that "he never pursued post-conviction relief in state court." Document #25, at 2. Thus, this issue is definitively resolved.

Fitzgerald's habeas petition will be dismissed with prejudice, and his certificate of appealability will be denied.

IT IS SO ORDERED this 26th day of June, 2013.

_____
J. LEON HOLMES
UNITED STATES DISTRICT JUDGE